(161 App. Div. 185)

BEINKAFNER et al. v. FENDERSON–BALDWIN LUMBER CO.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

EVIDENCE (§ 594*)—WEIGHT—UNCONTRADICTED TESTIMONY.

> Where, in an action to recover a balance due for sawing logs at a specified price per thousand, plaintiffs swore that they sawed 82,907 feet and received on account $282.19, leaving a balance of $48.99, and such evidence was uncontradicted, defendant was not entitled to a verdict because plaintiffs were illiterate and were unable to keep an account of the number sawed, but kept track of each board, with its width, length, and thickness, made a memorandum thereof with the number of pieces and the dimensions, etc., and later, with the aid of a lumberman's manual, computed the quantity sawed.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

Appeal from Albany County Court.

Action by Joseph Beinkafner and another, doing business as Beinkafner Bros., against the Fenderson-Baldwin Lumber Company. From a judgment of the Albany county court affirming a justice's judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Visscher, Whalen & Austin, of Albany (J. Harris Loucks, of Albany, of counsel), for appellants.

William A. Glenn, of Albany, for respondent.

JOHN M. KELLOGG, J. The plaintiffs agreed to saw with their mill, and did saw for the defendant, the lumber on the O'Neil lot at $4 per thousand. They swear that they sawed 82,907 feet and have received on account $282.19, leaving a balance due of $48.99. Neither of them could read or write, but when the logs were sawed they kept track of each board, with its width, length, and thickness, and made a memorandum thereof at the time, stating the number of pieces and the dimensions, and later, with the aid of the lumberman's manual, computed the amount and swore to the amount sawed as above stated.

The defendant introduced no evidence. The justice rendered an opinion as follows:

> "Taking into consideration the manner of keeping tally, and that the plaintiffs are not competent to keep an account that could be sworn to with a degree of certainty, I decide that there is no cause of action, and assess costs on the plaintiffs."

---

The plaintiffs were running a mill for sawing lumber. The fact that they could not read or write does not impeach their testimony or throw a doubt upon the memorandums produced by them. If the defendant had offered evidence showing that they had not sawed the amount claimed, the manner in which they kept the account would have been a fair subject for consideration. But, their evidence being uncontradicted, the determination of the justice was clearly erroneous.

The judgments of the county court and of the justice court are reversed, upon the law and the facts, with costs to the appellants in all the courts, and a new trial directed before a justice of the peace of the same county, to be designated in the order, which will fix the time and place for such trial. The court reverses the findings of fact that the plaintiffs did not saw the lumber charged, and that they have not proven the performance of the service and the value thereof. All concur.